THOMAS D. COLLINS *v.* GEO. A. C. SANDERS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—860.]

**Personal Liability of an Executor.**

When an executor wrongfully sells land which by the terms of the will is otherwise disposed of, and his grantee is forced to give it up, such executor is not bound to charge himself with the sale price of such land, but in a suit by the wronged purchaser he is liable personally for such purchase-money.

APPEAL FROM TAYLOR CIRCUIT COURT.

April 15, 1884.

OPINION BY JUDGE LEWIS:

By the thirteenth clause of his will admitted to record in 1864 J. C. Sanders devised his home tract of land to his widow for life, remainder to his infant son, G. A. C. Sanders. In 1872 E. T. Sanders, executor, acting or assuming to act under the power conferred by the will to sell such lands as were undevised, sold for the consideration of $——— and conveyed with clause of general war-

ranty to Thos. D. Collins a small tract of land containing about seventeen acres.

In 1877 G. A. C. Sanders, his mother, the widow, being dead, brought an action to recover the tract of seventeen acres so sold by the executor to Collins. At the April term, 1878, of the circuit court judgment was rendered in favor of the plaintiff in the action for the land, it being determined that it constituted a part of the home tract devised to him and that the attempted sale and conveyance of it by the executor conferred no title upon Collins.

At the October term, 1878, of the court it was adjudged that the plaintiff, G. A. C. Sanders, was not entitled to recover anything on account of rents of the land, the value thereof not being in excess of the value of the improvements, and that Collins was not entitled to recover anything from him for improvements put upon the land while he held it under purchase from the executor. In 1879 Collins filed a supplemental answer made a cross-petition against E. T. Sanders, executor, and against the devisees under the will of J. C. Sanders, deceased, in which he sought to be reimbursed to the amount of the purchase-money paid by him for the seventeen acres of land and expenses and damages caused by the breach of the warranty in the deed from E. T. Sanders, executor, to him.

Upon the issue thus presented the court, at its April term, 1881, rendered judgment dismissing the supplemental answer and cross-petition of Collins as to all the other devisees of J. C. Sanders, except E. T. Sanders, against whom judgment was rendered individually for the purchase-money paid to him by Collins for the seventeen acres of land and for costs and damages. From that judgment Collins has appealed and E. T. Sanders has assigned errors and prosecuted a cross-appeal.

It having been decided by the court in the judgment rendered between the parties in April, 1878, which stands unreversed and not even appealed from, that the seventeen acres of land was by the will of his father devised to G. A. C. Sanders and the sale and conveyance of it to Collins void, we are unable to perceive upon what principles G. A. C. Sanders, or any others of the children or devisees of the testator, should be required to answer out of estate devised to them for the wholly unauthorized and void act of E. T. Sanders, the executor. It is true he sold and warranted the title to the seventeen acres of land as executor, but his act was in direct

contradiction of the will under which he professed to act, and the sale made by him was of land devised to G. A. C. Sanders and in express terms excepted from sale by the executor. Of these facts Collins must be held to have had notice, for it was his duty to know that E. T. Sanders had no authority to sell the land except that derived from the will, and reference to that would have shown the land to belong to G. A. C. Sanders and not subject to sale by the executor.

E. T. Sanders complains that the judgment in favor of Collins should have been against him as executor and not as an individual merely, and that it should have been satisfied and paid out of assets devised or descended to the devisees generally of the testator, not alone of his estate. It appears from the judgment appealed from that he has not been charged, in a settlement of his transactions as executor, with the purchase-price paid to him by Collins for the seventeen acres of land and consequently he can not be prejudiced by being required to simply pay back to Collins what he alone has received and had the benefits of.

The damages and costs of litigation between G. A. C. Sanders and Collins about the seventeen acres of land that he is required to pay to the latter were caused and incurred by his own unauthorized and illegal conduct, and the other children and devisees of the testator, J. C. Sanders, not having participated therein, should not be held responsible therefor.

The judgment is *affirmed* on the appeal and cross-appeal.

*Russell & Avritt, S. A. Russell, for appellant.*

*J. R. Robinson, R. A. Puryear, for appellees.*